*May* 18th.

ELLISON, *survivor, &c. against* MOFFATT AND OTHERS, *representatives of* MOFFAT.

A bill, filed in 1809, for an account as to transactions before and at the commencement of the *American* war, was dismissed on the ground of the staleness of the demand ; 26 years having elapsed from the end of the war, before the bill was filed, and no cause shown for the delay ; and especially, as against the representatives of the opposite party, who had no knowledge of the original transactions.

THE plaintiff filed a bill, in 1809, against the defendants, as the executors, heirs, and devisees of *Thomas Moffat,* deceased, for an account, stating an agreement, under seal, dated in *April,* 1769, between *John* and *William Ellison*

and the testator, by which they agreed to furnish the testator with a store of goods, which he was to sell on certain terms; and the agreement was to continue for three years. In *April*, 1772, the agreement was renewed for six years, and it was unexpired when the *American* revolutionary war broke out, in 1775, and interrupted the business. The parties lived in the county of *Orange*. *J. & W. Ellison* took the goods remaining unsold, and the books. The object in taking the books was said to be, to prevent the debts being paid in continental money. They returned them to *Moffat*, at the end of the war, and after some of the debts had been collected by *J. & W. Ellison*. *Moffatt* died in 1805, and in *October*, 1808, the books were redelivered to the plaintiffs, by the executors. By the books, it appeared that the testator had received debts as late as in the year 1791. The bill charged that the executors had offered to pay 2,500 dollars, which was refused.

The answer stated, that the executors were unable to state an account, having no books nor vouchers for that purpose; that they were ready to deliver over the bonds, notes, &c., which were in their hands, when required; that the executors did make such an offer of payment in satisfaction of the plaintiff's demand; but that it was made under a belief that nothing was due, and with a view to purchase peace, and to avoid the expense of litigation with rich men, which the estate of the testator was unable to bear; and they insisted on the staleness of the demand, and that it was barred by lapse of time.

*Riggs*, for the defendants, moved to dismiss the bill, on the ground of the staleness of the demand. He cited 2 *Vesey*, jun., 11. *Ray* v. *Bogart*, 2 *Johns. Cas.* 432.

*S. Jones*, jun., contra, cited *Hutton's Rep.* 109. 2 *Vesey*, 483.

1814.

TRAVIS
v.
WATERS.

THE CHANCELLOR. The parties lived in the same county, and, without accounting for the delay, the plaintiff suffered a period of 26 years to elapse, from the termination of the *American* war, to the time of filing his bill. The offer made by the executors being for peace, and without any recognition of the justness of the demand, and being rejected by the plaintiff, cannot affect the question.

It would not be sound discretion to overhale accounts, in favour of a party who has slept on his rights for such a length of time; especially, against the representatives of the other party, who have no knowledge of the original transactions. It is against the principles of public policy, to require an account, after the plaintiff has been guilty of so great *laches*.

The bill must be dismissed on the ground of the staleness of the demand; but without costs.