# CHILD'S APPEAL.

After the lapse of twenty-four years from the time of the rendition of an administration account in the court of probate, this court will not, on appeal, open the account and reëxamine it, unless some explanation be given of the delay.

An administration account was settled in the year 1827, in the court of probate. The heirs at law of the intestate being then under age, and no guardian having been appointed over them, no legal notice was given of the settlement of the account. It did not appear when the heirs became of age. In the year 1851, the husband of one of the heirs at law, caused the administrator to be cited to render his account, and the court of probate ordered him to account, and decreed that there was a balance against him. On appeal from the decree it was *held*, that as no cause was shown for the delay, it was too late to open the account, and the decree was reversed.

APPEAL from a decree of the court of probate for this county.

On the first day of January, 1851, Amzi Childs of Peterborough filed his petition, in the court of probate, stating that twenty years or more ago James Manahan, late of Francistown, died, leaving an estate to be administered upon; that Charles Dodge was appointed his administrator, and by virtue of a license from the court of probate, sold real estate for the sum of $246.00, for which sum he has never accounted. The petitioner, in right of his wife, who was an heir to the estate of Manahan, prayed that Dodge might be cited to appear and render his account, and the citation was issued accordingly. It appeared, in the court of probate, that Dodge rendered his administration account on the 22d day of May, 1827, and there was found due to him the sum of $29.35. A few days previous he sold real estate under a license, for the sum of $230.00, which was not embraced in his account, but he paid out of this sum a note due from Manahan to Asa Dodge of $144.84, dated in February, 1823, for which he claimed an allowance, and also for the balance due him on his account rendered. It also appeared that there was no legal notice given of the rendition of his account in 1827, as there was no guardian over the heirs, who were then minors. The court of probate adjudged, that the decree upon this account was not conclusive, on account of the want of notice, and laid that settlement entirely aside, and reëxamined the accounts of the administrator from the beginning. The result of this examination was a decree charging the administrator with a balance due the estate, amounting to the sum of $341.71. From this decree the administrator appealed, stating, among other reasons for the appeal, that the court of probate reöpened the account of the administrator which was settled on the 22d day of May, 1827, and reversed the decree of the court of probate in relation to matters which were then adjudicated.

*C. G. Atherton*, for the appellant.

*Stevens*, for the appellee.

GILCHRIST, C. J.   In this case twenty-two years have elapsed since the rendition of the administration account, and no reason is given why the claim has been allowed to sleep for so long a period, nor is it alleged that there has been any fraud on the part of the administrator.   It is said, indeed, that the decree of the court of probate is not legally binding, because due notice was not given to the parties interested, the heirs at law being then under age, and having no guardian.   It does not appear at what time the heirs attained their majority so as to enable us to judge whether there has been any undue neglect since that period.   The simple question is, whether after the lapse of twenty-two years the court will reöpen an administration account.

In the case of *Gray* v. *Minnethorpe*, 3 Vesey 103, the defendant, in the year 1771, settled an account with the executors of a will.   The court held in the year 1796, that although an account might be directed, whatever had been taken as an account ought to stand, although it might have been settled upon an erroneous principle; and declined to give directions that should oblige the parties to settle the account as if it had been a recent transaction.

In the case of *Chambers* v. *Goldwin*, 5 Vesey, 834, the defendant, who was one of the executors of a will, declined the trust, and in the year 1791, settled the accounts of certain West India estates, for which he had been the agent, with the other executors.   The court held, in the year 1801, that parties had not a right to call upon the court to go back into the accounts of several years, and thereby lay persons under insuperable difficulties.   In *Rayner* v. *Persall*, 3 Johns. Ch., 578, the court refused after the lapse of twelve years, to order the administrator of an executor, to render a further account, considering the obscurity and difficulty which the lapse of time must have thrown over the transaction.   And where the real *laches* was only for eleven years, the court of errors dismissed a bill for an account for the same reason.   *Ray* v *Bogart*, 2 Johns. Cas., 432.   It is said in *Rayner* v. *Persall* that there is no certain and definite rule on the subject.   "Each case must depend upon the exercise

of a sound discretion under the circumstances." In the case of *Ellison* v *Moffat*, 1 Johns. Ch., 46, a bill filed in the year 1809, for an account relating to transactions which took place before and at the commencement of the American war, was dismissed on the ground of the staleness of the demand, twenty-six years having elapsed from the end of the war, before the bill was filed, and no cause being shown for the delay. Chancellor *Kent* said that it would not be sound discretion to overhaul the accounts in favor of a party who had slept upon his rights for such a length of time, and that it was against the principles of public policy to require an account after the plaintiff had been guilty of so great a *laches*. In the case of *Mooers* v. *White*, 6 Johns. Ch., 360, an agent suffered thirty years before his agency had ceased, (though he had subsequent transactions with his principal) and sixteen years before the death of his principal to elapse before rendering an account or filing a bill, and it was held that the staleness of the account was a bar to its admission. In *Davis* v. *Cowdin*, 20 Pick. 510, the petitioners filed their petition in the probate court for a re-hearing of the subject of a decree made twenty years previous. It was said by *Shaw, C. J.*, that the case was an extraordinary one, and, in general, such a lapse of time would be decisive, against the opening of an administration account; that the objection to so doing was that from the lapse of time, and the consequent probable loss of vouchers and other evidence, the administrator, if then called to settle an account, would do it under great disadvantages.

These remarks apply with great pertinency to the case before us, and we do not think it would be an exercise of sound discretion to open the former account and reëxamine the doings of the administrator.

*Decree reversed.*